T.C. Summary Opinion 2016-66

UNITED STATES TAX COURT

JAMES CLEMENT POWELL AND LUCY HAMRICK POWELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9562-14S.                    Filed October 6, 2016.

James Clement Powell and Lucy Hamrick Powell, pro se.

<u>Timothy B. Heavner</u> and <u>Matthew S. Reddington</u>, for respondent.

SUMMARY OPINION

WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  All section references are to the Internal Revenue Code (Code) in effect for the years in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. All dollar amounts are rounded to the nearest dollar.

Respondent determined a deficiency of $11,611 against petitioners for tax year 2010. Petitioners timely filed their petition on April 29, 2014.

Background

Petitioners timely filed a Form 1040, U.S. Individual Income Tax Return, for the taxable year 2010. Petitioners also timely filed a 2010 Form 1120, U.S. Corporation Income Tax Return, for WPL, Inc. (WPL), an S corporation wholly owned by petitioner husband. On December 9, 2013, petitioners submitted a Form 1040X, Amended U.S. Individual Income Tax Return, for 2010 showing a tax overpayment of $13,873. Respondent did not accept the Form 1040X for filing and made no adjustments to petitioners' tax liability as a result of its submission. Instead, on February 3, 2014, respondent mailed petitioners a statutory notice of deficiency determining a deficiency in income tax of $11,611. Petitioners dispute the entire $11,611 deficiency and demand the overpayment reported in their amended return. Additionally, petitioners seek $40,000 in damages from respondent under section 7433.

I.    Notice of Deficiency

In the notice of deficiency, respondent disallowed a WPL vehicle expense deduction of $19,687; a WPL employee benefit expense deduction of $5,832; and a loss carryforward deduction of $33,006 claimed on Schedule C, Profit or Loss From Business. Respondent also reduced petitioners' self-employment tax, and the related self-employment tax deduction, by excluding WPL's income from the self-employment tax calculation. As a result of these adjustments, respondent also disallowed the "Make work pay/government retiree" credit petitioners claimed on their 2010 return.

II.   WPL

WPL is engaged in petroleum acquisitions and sales. WPL's workforce includes petitioner husband, two consultants, one full-time employee, and petitioner wife, who keeps the books. Petitioner husband kept a daily logbook during 2010 showing all of WPL's activities with respect to its customers, only some of which involved travel. During 2010 WPL workers traveled to several States for various business purposes. The relevant logbook entries show dates, customer names, the purpose or description of the work, hours spent and billed, and miles driven. Petitioners reported on an attachment to the return that 39,375 business miles were driven during 2010.

Roughly two-thirds of the entries listing mileage specify the city traveled to in the "purpose or description of work" section. The remaining entries either include the State traveled to or do not list any location. All mileage entries are multiples of 25. For a trip totaling 501.2 miles, for example, petitioner would have recorded 500 miles. There is also an entry for each month showing the sum of miles driven for marketing, client development, and bank errands. Petitioner husband recorded the miles driven for each marketing and client development event, but the logbook does not break down the dates, locations, or mileage of each event. Nor does the entry separate the marketing and development entries from the banking entries. The banking entries were determined by estimating the number of WPL workers' trips to the bank for the month.

WPL also deducted $5,832 in employee benefits. The notice of deficiency does not explain why the deduction was disallowed. Petitioner husband testified that there was never an explanation given for why it was denied. Petitioners believed the deduction was denied on a legal basis, rather than a factual basis. Petitioners litigated their 2008 and 2009 tax years before the Tax Court, and the opinion issued in that case discusses the deductibility of WPL's employee benefits as a legal issue, not a factual one. See Powell v. Commissioner, T.C. Memo. 2014-235, at *12-*13 (discussing section 162(l) and Rev. Rul. 91-26, 1991-1 C.B.

184, 185-186 to determine whether petitioners' inclusion of the benefit amount in income was required for WPL to be entitled to the deduction), aff'd in part, vacated in part, and remanded, ___F. App'x ___, 117 A.F.T.R.2d (RIA) 2016-2089 (4th Cir. June 14, 2016). On appeal of that case, respondent conceded, among other things, the entitlement to the health insurance deduction of $5,832 for each of the two tax years. Powell v. Commissioner, 117 A.F.T.R.2d (RIA) 2016-2089. In the instant case, respondent's sole contention in the pretrial memorandum is that the expense was denied for lack of substantiation. At trial, however, respondent echoed the previous litigation by asking whether the employee benefits were included in petitioners' personal income as well as in the WPL deductions. Petitioner husband answered no and also testified that the amount deducted was the amount paid for long-term healthcare. Petitioners submitted into evidence a detailed list of expenses, which was filed with the return, showing the $5,832 expense as "employee health insurance".

III.    Loss Carryforward Deduction

Petitioners claimed a loss carryforward deduction of $33,006 related to claimed losses from the tax years 2008 and 2009. As discussed above, petitioners' 2008 and 2009 tax years were litigated before the Tax Court. See Powell v. Commissioner, T.C. Memo. 2014-235. The final decision determined that for tax

years 2008 and 2009 petitioners had deficiencies in income tax totaling $44,545 and penalties totaling $8,908.96.  Id.  (order dated April 22, 2015).  Petitioners concede that their 2010 loss carryforward is determined by the 2008 and 2009 litigation, the decision from which they appealed.  Respondent largely prevailed on appeal, although a few concessions were made.  Powell v. Commissioner, 117 A.F.T.R.2d (RIA) 2016-2089.  The concessions, which consist of a deduction of $5,832 for each year, an $839 increase in the basis of sold property, and a $15,000 reduction of the amount realized upon the sale of the real property, will reduce the amounts of the deficiencies determined in the Tax Court's decision, but will not eliminate them.

## Discussion

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Furthermore, deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Under section 7491(a), in certain circumstances the burden of proof may shift from the taxpayer to the Commissioner.  Petitioners have not claimed or shown that they meet the

specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

I.    WPL

We must determine whether WPL properly claimed its deductions for 2010 before we can determine the effect on petitioners' return for 2010.  Generally, an S corporation shareholder determines his or her tax liability by taking into account a pro rata share of the S corporation's income, losses, deductions, and credits.  Sec. 1366(a)(1).  Where a notice of deficiency includes adjustments for S corporation items with other items, we have jurisdiction to determine the correctness of all adjustments.  See Winter v. Commissioner, 135 T.C. 238 (2010).  Respondent disallowed two expense deductions related to WPL, vehicle expenses and employee health insurance expenses.  As a result, respondent increased the corresponding flowthrough business income that petitioners reported on their 2010 Form 1040.  We now turn to the two expenses.

A.    Vehicle Expenses

Taxpayers are required to substantiate expenses underlying each claimed deduction by maintaining records sufficient to establish the amount of the expense and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001).  Certain expenses specified in

section 274, such as vehicle expenses, are subject to strict substantiation rules. Secs. 274(d)(4), 280F(d)(4)(A)(i).  In deducting vehicle expenses, in lieu of calculating expenses using actual expenditures, a taxpayer may use a standard mileage rate as established by the Internal Revenue Service (IRS).  Kavuma v. Commissioner, T.C. Memo. 2016-101, at *19; sec. 1.274-5(j)(2), Income Tax Regs.  To meet these strict substantiation rules, for each claimed expense a taxpayer must substantiate, by adequate records or by sufficient evidence corroborating the taxpayer's own statement, (1) the amount, (2) the time and place of the travel or use, and (3) the business purpose.  Sec. 274(d).

Petitioners claimed deductions for WPL's vehicle expenses using the IRS standard mileage rate.  Adequate records substantiating vehicle expenses when using the standard mileage rate generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a similar record made at or near the time of the expenditure or use, along with supporting documentary evidence.  Sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). The degree of substantiation necessary to establish business purpose varies depending upon the facts and circumstances of each case.  Id. subdiv. (ii)(B), 50 Fed. Reg. 46018.  Mileage logs, even contemporary ones, that report only the State to which the taxpayer traveled fall short of the strict reporting requirements

because they fail to specify the location. <u>Adams v. Commissioner</u>, T.C. Memo. 2013-92.

Petitioners' log book largely meets the strict substantiation rules. The entries specify dates traveled, the number of miles driven, the city driven to, and the client or business purpose. Respondent contends that petitioners' logbook entries must be estimates because the mileage numbers all end in 0 or 5. Petitioner husband testified that the numbers were not estimated, but rather rounded. We find petitioner to be a credible witness and believe his testimony that the miles listed are based on actual, contemporaneous calculations of the miles driven.

Certain of the entries, however, do not amount to adequate substantiation. The entries listing a State, rather than a specific location, for example, are too vague to satisfy the regulations. The client and market development and banking entries also fail to satisfy the regulations. Petitioner husband explicitly testified that the banking entries were estimates, and we cannot untangle the client and market development mileage from the banking mileage. Nor do we have locations or dates for the client and market development entries, rendering them too vague to satisfy the regulations.

Pursuant to this analysis, petitioners substantiated that during 2010 WPL workers drove 10,725 miles. For 2010 a deduction of 50 cents was allowed for

each mile driven related to business.  See Rev. Proc. 2009-54, sec. 2.01, 2009-51 I.R.B. 930, 930.  Accordingly, petitioners' deduction for travel is limited to $5,363.

### B.    Health Insurance Expenses

WPL is entitled to deductions for health insurance benefits paid on behalf of petitioner husband.  See sec. 1372; Powell v. Commissioner, at *13; Rev. Rul. 91-26, supra.  In the instant case, respondent contends that petitioners did not provide any evidence beyond self-serving testimony that any expense had actually been paid.  However, we have found petitioner husband to be a reliable witness, and the reliability of his records and testimony is bolstered by the consistent treatment of the expense throughout several tax years, as well as respondent's previous years' concessions.  See Exxon Corp. v. Commissioner, T.C. Memo. 1993-616, 1993 WL 534017, at *59; Koufman v. Commissioner, T.C. Memo. 1976-330, 1976 WL 3510 ("The petitioner's testimony on this issue was consistent with all the other circumstances, and we found it to be credible and reliable.").  Accordingly, WPL is entitled to the claimed health insurance expense deduction.

## II.    Carryforward Loss

Petitioners concede that the loss carryforward deduction they claimed from the 2009 tax year is determined by their previous litigation.  In the litigation, the

Tax Court sustained a determined deficiency for petitioners' 2009 tax year, rather than a loss. Powell v. Commissioner, T.C. Memo. 2014-235. Although respondent conceded on appeal that petitioners were entitled to certain adjustments, the amounts involved in the concessions are insufficient to change the deficiency into a loss. See Powell v. Commissioner, 117 A.F.T.R.2d (RIA) 2016-2089. Accordingly, petitioners are not entitled to a carryforward loss deduction for the 2010 tax year.

III.     Other Adjustments

Petitioners' filings discuss several additional adjustments in the notice of deficiency, such as the "Make work pay/government retiree" credit, amounts for personal exemptions, an increase in petitioners' AGI, and the calculation of self-employment tax and its accompanying deduction. The changes to petitioners' adjusted gross income due to the adjustments discussed above will affect the operation of items such as credits. Any computational issues that remain will be adjusted and confirmed in the Rule 155 computations.

IV.     Section 7433 Damages

Petitioners seek $40,000 in damages from respondent under section 7433. Section 7433(a) provides that a taxpayer may bring a civil action for damages against the United States for intentional, reckless, or negligent disregard of any

provision of the Code or any regulation promulgated under the Code by any officer or employee of the IRS in connection with any collection of Federal tax. Section 7433(a) further provides that the taxpayer must bring the civil action in a District Court of the United States and that (except as provided in section 7432) the civil action in District Court "shall be the exclusive remedy for recovering damages resulting from such actions."  Therefore, we lack jurisdiction to hear petitioners' section 7433 claim.  See, e.g., Powell v. Commissioner, at *20-*21; Petito v. Commissioner, T.C. Memo. 2002-271, 2002 WL 31415493, at *7.

Any contentions we have not addressed we deem irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under Rule 155.